# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MYMAIL, LTD, | CASE NO. 1:17-cv-01219--VAC-SRF |
| *Plaintiff,* | |
| NETGEAR, INC., | JURY TRIAL DEMANDED |
| *Defendant.* | |

## ~~PROPOSED~~ SCHEDULING ORDER

Pursuant to the Court's Oral Order entered on the docket on December 11, 2017 and the Court's Form Scheduling Order, Plaintiff, MyMail, Ltd. ("Plaintiff" or "MyMail"), and Defendant, NETGEAR, Inc. ("Defendant" or "NETGEAR"), hereby respectfully submit the attached Proposed Scheduling Order in advance of the January 17, 2018 Scheduling Conference. Plaintiff has conferred with Defendant's counsel and is authorized to state that Defendant consents to the areas of agreement noted in this Proposed Scheduling Order.

## SCHEDULING ORDER

This 17th of January, 2018, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 on January 17, 2018, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. **Joinder of Other Parties and Amendment of Pleadings**. All motions to join other parties, and amend or supplement the pleadings shall be filed on or before **August 17, 2018.**

2. **Discovery**. All fact discovery in this case shall be initiated so that it will be completed on or before **March 15, 2019**. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

   a. Rule 26(a)(1) Initial Disclosures. Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **5 days after Order signed**.

   b. E-Discovery Default Standard. The parties have reviewed the Default Standard for Discovery of Electronic Documents, which is incorporated herein by reference.

   c. Document Production. Document production shall be completed on or before **July 16, 2018**.[1]

   d. Interrogatories. A maximum of twenty-five (25) interrogatories shall be served by each party to any other party.

   e. Contention Interrogatories. In the absence of agreement among the parties,

---

[1] To the extent an amended or supplemental pleading by a party requires the production of additional documents, the parties agree that this production will be prompt and comprehensive.

contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    f.    <u>Initial Discovery in Patent Litigation</u>.[2] Without awaiting a discovery request, each party will make the following disclosures to the other party:

    i.  **Identification of Accused Products.** Within 30 days after the Rule 16 Conference, MyMail shall specifically identify the accused products and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent.

    ii.  **Core Technical Documents**. Within 30 days after receipt of the above, NETGEAR shall produce the core technical documents related to the accused product(s), including, but not limited to, operation manuals, product literature, schematics, and specifications.

    iii.  **Initial Infringement Contentions.** By or on **April 20, 2018**, MyMail shall produce to NETGEAR initial claim charts relating each accused product to the asserted claims each product allegedly infringes.

    iv.  **Initial Invalidity Contentions.** By or on **May 24, 2018**, NETGEAR shall produce to MyMail initial invalidity contentions for each asserted claim, comparing the asserted reference to the claims on an element by element basis for primary references, as well as the related invalidating references (*e.g.*, publications, manuals, and patents).

    v.  **Final Infringement Contentions**. By or on 30 days after the Court issues its *Markman* Order, MyMail may produce to NETGEAR final infringement contentions.

---

[2] As these disclosures are "initial," each party shall be permitted to supplement.

    vi. **Final Invalidity Contentions.** By or on 60 days after the Court issues its *Markman* Order, NETGEAR may produce to MyMail final invalidity contentions if:

      a) MyMail has served Final Infringement Contentions, or

      b) NETGEAR believes, in good faith, that the Court's Claim Construction Ruling so requires.

  g. Requests for Admission. A maximum of **twenty-five (25)** requests for admission shall be served by each party to any other party. Furthermore, any party may issue an unlimited number of requests for admission seeking authentication of documents, to the extent that the parties cannot otherwise reach agreement regarding the authentication of specific documents. The parties are required to meet and confer in good faith prior to serving any requests for admissions directed solely to the authentication of documents and things to determine whether the requests are necessary and/or reasonable.

  h. Depositions.

    i. Timing. In absence of agreement among the parties, or by order of the Court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

    ii. Limitation on Hours for Deposition Discovery. Each side is limited to a maximum of one hundred (100) hours for taking fact depositions. [NETGEAR proposes that the one hundred (100) hours be limited, for each side, to 40 hours of 30(b)(6) depositions and depositions of the other side's employees or agents, and that each side may take up to 53 hours of depositions of deponents that are not the foregoing. MyMail disagrees with NETGEAR's proposal and contends that each side should be able to use their one hundred (100) allotted hours as needed for each side's case, without the unwarranted limits on party affiliated deposition testimony suggested by NETGEAR.] In addition to the foregoing,

each side may depose each expert for the other side for 7 hours, except that if a single expert is used for both validity/invalidity and infringement/non-infringement, the other side may depose that expert for up to 7 hours on validity/invalidity and for up to 7 hours for infringement/non-infringement.

      iii. <u>Location of Depositions</u>. Unless an exception is made by order of the Court, any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district or a mutually agreed location. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

   i. <u>Disclosure of Expert Testimony</u>.

      i. Opening expert reports on issues for which a party bears the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony shall be served on or before **April 12, 2019**.

      ii. Rebuttal expert reports comprising supplemental disclosures to contradict or rebut evidence on the same matter identified by another party shall be served on or before **May 13, 2019**.

      iii. Reply expert reports from the party with the initial burden of proof shall be served on or before **June 3, 2019**.

      iv. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

      v. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*,

509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

j. Fact Witnesses to be Called at Trial.

i. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial.

ii. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.

iii. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

k. Discovery Matters, Scheduling Matters, and Disputes Relating to Protective Orders.

i. Should counsel find they are unable to resolve a discovery matter[3] or those other matters covered by this paragraph via a telephonic or in-person meet and confer, the parties involved shall contact chambers at (302) 573-4551 to schedule a telephone conference with the Court.

ii. After the parties have contacted chambers and have scheduled a

---

[3] Unless the court otherwise orders, should counsel be unable to agree on the discovery of paper and electronic documents, the court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information" ("ESI") shall govern.

teleconference, the moving party or parties should file a "[Joint] Motion for Teleconference To Resolve [Protective Order or Discovery] Dispute." The suggested text for this motion can be found in Magistrate Judge Fallon's section of the Court's website in the "Forms" tab, under the heading "Discovery Matters–Motion to Resolve Discovery Disputes."

    iii. Not less than seventy-two (72) hours prior to the conference, excluding weekends and holidays, the party seeking relief shall file with the Court a letter, not to exceed four (4) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.)

    iv. Not less than forty-eight (48) hours prior to the conference, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12-point font, outlining that party's reason for its opposition.

    v. Two (2) courtesy copies of the letters are to be hand delivered to the Clerk's Office within one hour of e-filing.

    vi. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.

    vii. Disputes or issues regarding protective orders, or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in accordance with this paragraph.

    viii.    No motions to compel or motions for protective order shall be filed absent approval of the Court. Absent express approval of the Court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

3. **Confidential Information and Papers filed under Seal; Application to Court for Protective Order**. Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court by **January 29, 2018**. Should counsel be unable to reach an agreement on a proposed form of protective order, counsel must follow the provisions of Paragraph 2(j) above.

Any proposed protective order should include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who in other proceedings becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding.

4. **Papers Filed Under Seal**. When filing papers under seal, counsel should deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

5. **Courtesy Copies**. The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.

6. **ADR Process**. This matter will be discussed during the Rule 16 scheduling conference.

7.  **Interim Status Report**. On **June 25, 2018**, counsel shall submit a joint interim report to the Court on the nature of the matters in issue and the progress of discovery to date.

8.  **Status Conference**. On **July 2̶7̶ 24, 2018**, the Court will hold a Rule 16(a), (b), and (c) conference by telephone with counsel beginning at 9̶:̶0̶0̶ 10:00 a.m. Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel, and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9.  **Claim Construction**.

    a. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **July 10, 2018**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. This document will not be filed with the Court.

    b. On **August 8, 2018**, the parties shall exchange their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court.

    c. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **August 28, 2018**.

    d. The parties shall contemporaneously submit opening briefs and supporting evidence on claim construction issues on **September 25, 2018**.

    e. The parties' answering/responsive briefs and supporting evidence shall be contemporaneously submitted on **October 23, 2018**. [NETGEAR proposes an alternative claim construction briefing process that proceeds as follows: (d) MyMail shall submit an

~~opening brief and supporting evidence on claim construction issues on August 25, 2018. (e) NETGEAR shall submit an answering/responsive brief and supporting evidence on September 25, 2018. (f) MyMail shall submit a reply brief and supporting evidence on October 9, 2018. (g) NETGEAR shall submit a sur-reply brief and supporting evidence on October 23, 2018. (h) Local Rule 7.1.3(a)(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.]~~

f. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(a)(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

g. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes. The tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than five (5) pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

h. Beginning at ~~9:30~~ 10:00 a.m. on November ~~13~~ 14, 2018 in Courtroom 6C, the Court will hear evidence and argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they would like to have allocated to them for the hearing.

Page 9 | 12

       i.   The court shall issue its decision on claim construction on **January 14, 2019**.

   10.   **Reliance Upon Advice of Counsel**. Defendant shall inform Plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement and, if Defendant elects to rely on advice of counsel as a defense to willful infringement, Defendant shall produce any such opinions and supporting materials on which defendant intends to rely to Plaintiff no later than **30 days after the *Markman* Order is issued**.

   11.   **Case Dispositive Motions**: All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **June 1, 2019**. Briefing will be presented pursuant to the Court's Local Rules, unless otherwise modified during the scheduling conference. No case-dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. Any reference to exhibits in the briefs must refer to the specific pages of the exhibit proffered in support of a party's argument. If the exhibit is a deposition, both the page and line numbers must be specified.[4]

   12.   **Applications by Motion**. Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk, via electronic means (CM/ECF). Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

   13.   **Pretrial Conference**. On **November 12, 2019**, beginning at 10:00 AM, the Court will hold a Pretrial Conference, in Courtroom 6C, with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Unless otherwise ordered by the Court, the parties shall comply with the time frames set forth in Local Rule 16.3(d)(1)-(3) for

---

[4] For example, a reference to an exhibit that refers to the entire document will not be accepted and is not consistent with this provision.

the preparation of the joint proposed final pretrial order. The parties shall file with the Court the Joint Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this court's website at www.ded.uscourts.gov, by close of business on **October 24, 2019**. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

14. **Motions *in limine*[5]**: **NO MOTIONS *IN LIMINE* SHALL BE FILED SEPARATELY**; instead, all *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five (5) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. **Jury Instructions, *Voir Dire*, and Special Verdict Forms**. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file **joint** (i) proposed *voir dire*, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. That submission shall be accompanied by electronic media containing each of the foregoing four (4) documents in

---

[5] The parties should simply list, in an Exhibit to be attached to the Pretrial order, the issues under a heading such as "Plaintiff's [name of party] List of Evidentiary Issues It Intends To Raise."

WordPerfect format.

16. **Trial**. This matter is scheduled for a **7-day jury** trial beginning at 9:30 a.m. on **December 2, 2019** in Courtroom 6C with subsequent trial days beginning at 9:00 a.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17. **Scheduling**: The parties shall contact chambers, at (302) 573-4551, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

/s/ _____
UNITED STATES DISTRICT JUDGE
Magistrate